1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASIM GHOSH,

              Plaintiff,

   v.

BANK OF AMERICA, N.A.,

              Defendant.

Case No.  21-cv-09930-RS

**ORDER GRANTING LEAVE TO AMEND AND REMANDING CASE**

I. INTRODUCTION

Plaintiff Asim Gosh alleges he is a 72-year-old immigrant from India who fell prey to a so-called "IRS telephone scam" and was persuaded over the course of two months to wire more than $1.2 million—his life savings—to unknown persons. Gosh filed this action in the San Francisco Superior Court, asserting a claim for financial elder abuse against Bank of America, and ten "Doe" defendants. The Doe defendants are described only in a boilerplate paragraph with generic allegations that they are agents of each other and in some way responsible, negligent, or otherwise liable for the alleged injuries.

Bank of America removed the action to this court on the basis of diversity of citizenship. Gosh now seeks leave to amend the complaint to name as additional defendants Joyce Gai and Jia Lu, two of the Bank of America branch managers with whom Gosh interacted, and who he alleges were primarily responsible for approving and processing the wire transfers. Bank of America opposes, contending the amendment is an improper attempt to destroy diversity, which would

1    require remand.[1] Sufficient cause exists to allow the amendment, and the motion will be granted.

2

3                                    II.  DISCUSSION

4            After removal, if a plaintiff "seeks to join additional defendants whose joinder would

5    destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the

6    action to State court." 28 U.S.C. § 1447(e). Congress added subsection (e) to § 1447 with the

7    express purpose of taking advantage of the opportunity opened by removal from a state court to

8    permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal. *See*

9    H.R.Rep. No. 889, 100th Cong., 2d Sess. 72–73, reprinted in 1988 U.S.C.C.A.N. 6033.[2]

10           Federal Rule of Civil Procedure 15 provides that parties may amend their pleadings once

11   as a matter of course, provided that amendment occurs within 21 days of service or, if the pleading

12   is one to which a responsive pleading is required, 21 days after service of that responsive pleading.

13   Fed. R. Civ. P. 15(a)(1). Rule 15 also states that leave to amend "shall be freely given when justice

14   so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit holds "'[t]his policy is to be applied with

15   extreme liberality.'" *Eminence Capital, L.L.C. v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir.

16   2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001))..

17   "The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or

18   futility of amendment." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. &*

19   _____

20   [1] The amended complaint also adds as a defendant Parth Patel, identified by law enforcement as
     one of the individuals who carried out the scam. Bank of America does not object to that aspect of
21   the amendment, as Patel's presence in the action does not destroy diversity.

22   [2]  As explained in *Trotman v. United Parcel Serv*., 1996 WL 428333, at *1 (N.D. Cal. July 16,
     1996), "[t]he legislative history of § 1447(e) makes clear that the section is intended to confer
23   upon district courts broad discretion to allow amendment even where remand may result . . . . This
     discretion is broader than the more restrictive joinder rules set forth in FRCP 19 and 20 and
24   applied in cases not involving removal,. . . . The legislative history to § 1447(e) also suggests that
     it was intended to undermine the doctrine employed by some courts that amendments which
25   destroyed diversity were to be viewed with suspicion."

26

27

28

United States District Court
Northern District of California

1   *Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co*., 2009 WL 650730, at *2 (C.D.

2   Cal. Mar. 12, 2009) (citing *Eminence Capital*, 316 F.3d at 1052; *DCD Programs, Ltd. v. Leighton*,

3   833 F.2d 183, 186-87 (9th Cir. 1987)).

4           Notwithstanding the liberal standard for amendment under Rule 15 and the express

5   authorization added by section 1447(e) to permit adding non-diverse parties, some courts continue

6   to "scrutinize amendment more closely when the amendment will defeat diversity." *IBC Aviation*

7   *Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V*., 125 F. Supp. 2d 1008, 1011 (N.D.

8   Cal. 2000). Up to six factors are typically considered: (1) whether the party sought to be joined is

9   needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2)

10  whether the statute of limitations would preclude an original action against the new defendants in

11  state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder

12  is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant

13  appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *Id.* While any of the

14  factors may prove decisive, "none is an absolutely necessary condition for joinder." *Yang v.*

15  *Swissport USA, Inc*., 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010).

16          Here, Gosh would be hard pressed to establish that Gai and Lu are *necessary* parties within

17  the relatively rigid requirements of Rule 19. He need not do so, however, because "amendment

18  under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19." *IBC*

19  *Aviation*, 125 F. Supp. 2d at 1012. As alleged in the proposed amended complaint, Gai and Lu are

20  more than "tangentially related" to the claims; they are the individuals through which Bank of

21  America is alleged to have committed the wrongful acts. While *respondeat superior* may allow

22  Gosh to pursue Bank of America for the individual's acts and omissions, it does not preclude him

23  from proceeding directly against them as well.

24          Although Gosh would not be barred by the statute of limitations from bringing a separate

25  action against Gai and Lu in state court, the judicial inefficiencies in such an approach are

26  manifest. Additionally, even though Gosh's omission of Gai and Lu from the original complaint

27  may be subject to second guessing, he acted with reasonable promptness to add them thereafter.

28

United States District Court
Northern District of California

CASE NO. 21-cv-09930-RS

1        To the extent a plaintiff's desire to destroy diversity should still weigh against allowing

2 amendment under at least some circumstances, it is not a compelling factor here. Plainly, it is at

3 least part of Gosh's motivation.[3] Nevertheless, Gosh has the legal right to pursue statutory claims

4 of this sort against the individuals who allegedly committed the wrongs.

5        Although Bank of America insists all of the claims against it and its employees will fail on

6 the merits for lack of knowledge and will not even survive the pleading stage, as noted in a prior

7 order, those arguments involve interpretation and application of California statutory law, including

8 the effect, if any, of certain legislative amendments on prior state court case law. Under all these

9 circumstances, the balance of the factors weighs in favor of allowing the amendment.

10        Finally, Bank of America argues that even in the absence of diversity, remand is not

11 required because under the Edge Act, 12 U.S.C., § 632, federal courts have jurisdiction over

12 certain cases "arising out of transactions involving international or foreign banking." On reply,

13 Gosh faults Bank of America for purportedly failing to disclose that it made substantially the same

14 argument *Chan Hie-Kim v. Wells Fargo*, 21-CV-05405-JD (N.D. Cal. Dec. 20, 2021), only to

15 have it soundly rejected. Bank of America's opposition in this case, however, in fact did cite *Chan

16 Hie-Kim*, explaining at some length why it believes it to be distinguishable. Opposition at n. 3.

17        Regardless of whether *Chan Hie-Kim* would otherwise be distinguishable, Bank of

18 America's invocation of purported jurisdiction under the Edge Act fails at the threshold, because

19 its notice of removal listed only diversity as the basis of the removal. *See ARCO Env't

20 Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir.

21 2000) ("The Notice of Removal cannot be amended to add a separate basis for removal

22 jurisdiction after the thirty day period.").

23

24       [3] Counsel's reply declaration proffers an explanation that Gai and Lu were not named from the

25 outset because he did not have access to their identities when preparing the Complaint. That rings
hollow, however, because he easily could have listed them as Branch Manager Doe 1 and Branch

26 Manager Doe 2, and described the roles they played. All the circumstantial evidence suggests
naming the branch managers only became an important goal when it would serve the additional

27 purpose of permitting remand to state court.

28

III. CONCLUSION

The motion for leave to amend is granted, and the proposed first amended complaint, Dkt. No. 21-1, Exh. A, is deemed filed. The action is hereby remanded to San Francisco Superior Court.

**IT IS SO ORDERED**.

Dated: July 22, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

Case No. 21-cv-09930-RS